Filed 1/27/23 P. v. Tombleson CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUSTIN ALVIN MASAO TOMBLESON,<br><br>    Defendant and Appellant. | G061458<br><br>(Super. Ct. No. 11CF1563)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge. Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Justin Tombleson filed a petition for resentencing pursuant to former Penal Code section 1170.95.[1] After a prima facie hearing on the petition, the trial court denied Tombleson resentencing relief. Appointed counsel for Tombleson filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting we review the entire record in the interest of justice pursuant to *People v. Flores* (2020) 54 Cal.App.5th 266. Consistent with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel also identified potential issues to assist in our independent review.[2] Tombleson was provided 30 days to file written argument on his own behalf but he did not do so.[3]

Exercising our discretion and in the interest of justice, we have examined the entire record and we find no reasonably arguable issue. (See *People v. Delgadillo, supra,* 14 Cal.5th at p. 232 and *People v. Flores, supra,* 54 Cal.App.5th at p. 268.) We therefore affirm.

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code unless otherwise indicated.

[2] While this appeal was pending, the California Supreme Court decided *People v. Delgadillo* (2022) 14 Cal.5th 216, 226 finding "the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief." However, the court in *Delgadillo* set forth "a few basic procedures" courts of appeal should follow when considering an appeal from the denial of a section 1172.6 petition where appointed counsel has found no arguable issues to be pursued. (*Id.* at pp. 231-232.) In such instances, proper notice must be given to the defendant and the defendant provided an opportunity to file a supplemental brief or letter. If the defendant does not do so, "the Court of Appeal may dismiss the appeal as abandoned. [Citation.]" (*Id.* at p. 232.) Or the Court of Appeal may conduct its own independent review of the record in an exercise of its discretion. (*Ibid.*)

[3] Although this court's notice to Tombleson predated the decision in *Delgadillo*, the fact our notice may not have contained the suggested language from *Delgadillo* or that Tombleson did not file a supplemental brief is of no consequence as we exercised our discretion to conduct an independent review of the record.

FACTS AND PROCEDURAL BACKGROUND

A jury found Tombleson guilty of two counts of voluntary manslaughter (§ 192, subd. (a)), as lesser included offenses of murder (§ 187) and found true an allegation he personally used a knife as a deadly weapon (§ 12022, subd. (b)(1)) to commit the offenses. In a bench trial, the trial court found Tombleson had committed a prior strike serious felony offense (§ 667, subds. (a)(1), (d) and (e)(1) and § 1170.12, subds. (b) and (c)(1)) and served a prior prison term (§ 667.5, subd. (b)). The trial court imposed a total sentence of 30 years, four months. This court affirmed the judgment on direct appeal.

In February 2022, Tombleson filed a petition for resentencing pursuant to former section 1170.95 and counsel was subsequently appointed for him. The People filed a response to Tombleson's petition, arguing the petition should be denied. Counsel for Tombleson filed a brief requesting the trial court issue an order to show cause and conduct an evidentiary hearing on the resentencing petition. A prima facie hearing on the petition was heard by the trial court, during which argument was received by the People and Tombleson's counsel. After considering the briefs, arguments by counsel, as well as the record of conviction, the trial court found Tombleson had failed to establish a prima facie showing for relief. A statement of decision was issued by the trial court on June 3, 2022. Tombleson appealed.

DISCUSSION

Appellate counsel suggests we consider whether Tombleson was entitled to relief under section 1172.6, whether the trial court complied with the statutory requirements of section 1172.6, and/or erred in relying on the jury instructions and verdict forms in denying relief.

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; SB 1437) amended the felony murder rule and natural and probable consequences doctrine as it relates to murder "to ensure that murder liability is

3

not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) SB 1437 also added the former section 1170.95 which provides procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis, supra*, at p. 957.) A subsequent amendment to former section 1170.95 extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine or manslaughter. (§ 1172.6, subd. (a).)

The procedures a trial court should follow once a petition for resentencing under section 1172.6 has been filed are set forth in the statute itself. Upon receipt of a properly filed resentencing petition, the trial court should appoint counsel to represent the petitioner if counsel has been requested. (§ 1172.6, subds. (b)(1)-(3).) The prosecutor must then file a response to the petition and a reply may be filed by the petitioner. (*Id.*, subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*)

In this case, the trial court appointed counsel upon receipt of Tombleson's petition for resentencing and his request for counsel. A prima facie hearing was then set after receiving briefs from the prosecutor and Tombleson's counsel as required by the statute. At the hearing, the court heard arguments from both counsel, considered their briefs, and the record of conviction. The trial court then found Tombleson ineligible for relief and issued a written statement of decision. The statutory requirements of section 1172.6 were followed by the trial court.

As to appellate counsel's issue regarding whether the trial court erred in considering the jury instructions and verdict forms in denying relief, the trial court may

4

rely on the record of conviction at the prima facie hearing on a resentencing petition under section 1172.6. (*People v. Lewis, supra,* 11 Cal.5th at pp. 970-971.) The record of conviction may include matters "judicially noticed," (§ 1172.6, subd. (d)(3)), admissible trial evidence (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063), and the court's instructions to the jurors (*People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1084). However, the trial court may not engage in "factfinding involving the weighing of evidence or the exercise of discretion." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980.) Here, the trial court properly noted it had not "reweigh[ed] the facts of the case" and had reviewed the "jury instructions and verdict forms only" as they were part of the record of conviction.

"To demonstrate prejudice from the denial of a section [1172.6] petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. [Citations.]" (*People v. Romero* (2022) 80 Cal.App.5th 145, 152; accord, *People v. Lewis, supra*, 11 Cal.5th at pp. 972-974.) Here, the trial court found "[t]he jury was never instructed with any theory of natural or probable consequences or felony murder, and as such could never have based their verdicts on such a finding. If the jury was not instructed on any theory of liability for murder or attempted murder that required that malice be imputed to him then defendant is ineligible for resentencing…"

Using our independent analysis and judgment in review of the entire appellate record, we find no arguable issues. Consequently, we affirm the trial court's order denying Tombleson's postjudgment relief.

5

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.


MOTOIKE, J.

WE CONCUR:



O'LEARY, P.J.



GOETHALS, J.